U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP - 1 2014

CLERK, U.S. DISTRICT COURT

By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA        §
                                §
VS.                             §   NO. 4:14-CV-447-A
                                §   (NO. 4:11-CR-144-A)
                                §
JOHNATHON D. CAUDILL            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Johnathon D.

Caudill, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence, and a memorandum in support ("Memorandum"). The

government filed a response. Although the court granted movant's

request for additional time in which to file a reply, he did not

do so. Having now considered all of the parties' filings, the

entire record of this case, including the record in movant's

criminal case, and the applicable legal authorities, the court

concludes that the motion should be denied.

I.

Background

On November 18, 2011, movant pleaded guilty to one count of

enticement of a child, in violation of 18 U.S.C. § 2422(b). On

March 2, 2012, the court sentenced movant to a term of

imprisonment of 180 months, to be followed by a lifetime term of

supervised release.   The United States Court of Appeals for the

Fifth Circuit affirmed.   United States v. Caudill, 709 F.3d 444,

445 (5th Cir. 2013).   Movant filed a petition for writ of

certiorari, which the Supreme Court denied on June 24, 2013.

## II.

### Grounds of the Motion

Movant raised four claims.   In his first claim, movant

alleged that the court erroneously enhanced his sentence under a

"preponderance of the evidence" standard, rather than under the

correct "beyond a reasonable doubt" standard, in violation of his

Sixth Amendment rights.   In his second claim, movant contended

that his due process rights were violated because he received two

conflicting probationary sentences.

Movant's third and fourth claims alleged that his attorney,

William Biggs ("Biggs"), rendered ineffective assistance of

counsel.   The third claim maintained that Biggs was deficient in

the sentencing hearing because he failed to object to the

conflicting terms of probation, while the fourth and final claim

alleged that Biggs was ineffective during the plea bargaining

process and for failing to investigate the facts and law of the

case.

As the factual basis for his first claim, as explained in

the Memorandum, movant contended that the court increased his

mandatory minimum sentence using facts found by the judge,

instead of the jury, in violation of <u>Alleyne v. United States</u>,

____ U.S. ____, 133 S. Ct. 2151 (2013).

As the factual basis for his second claim, movant alleged

that the transcript from his sentencing hearing shows that the

court first sentenced him to a five-year term of supervised

release, but then ordered a lifetime term of supervised release.

Movant claimed that this conflict rendered the record ambiguous,

and that the "rule of leniency" favored imposing the five-year,

rather than lifetime, term of supervised release.

In describing the factual basis of his third ground for

relief, movant contended that Biggs was ineffective for failing

to object to the conflicting terms of supervised release.  Had

Biggs done so, movant maintained, the court would likely have

imposed only the five-year, and not the lifetime, term of

supervised release.

As to the fourth and final ground, movant first alleged that

his guilty plea was unknowing and involuntary because Biggs

advised movant to plead guilty on the grounds that he had no

defense, he would receive additional charges if he failed to

plead guilty, and he would risk more prison time if he proceeded

to trial on the indictment, whereas had Biggs provided competent

advice, movant would not have pleaded guilty but would have

proceeded to trial.

As to the second part of the fourth claim, movant alleged

that Biggs was deficient for failing to bring to the attention of

the Fifth Circuit on appeal a case out of the Seventh Circuit,

Taylor v. United States, 640 F.3d 255 (7th Cir. 2011).  Movant

claimed Taylor paralleled his own case, and could have either

caused the Fifth Circuit to rule in movant's favor, or caused the

Supreme Court to grant his petition for review.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted.  United States v. Frady, 456 U.S. 152, 164

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

1991) (en banc).  A defendant can challenge his conviction or

sentence after it is presumed final only on issues of

constitutional or jurisdictional magnitude and may not raise an

issue for the first time on collateral review without showing

both "cause" for his procedural default and "actual prejudice"

resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255

4

does not offer recourse to all who suffer trial errors, but is

reserved for transgressions of constitutional rights and other

narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of

justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A.    First Ground for Relief

Movant's reliance on Alleyne in support of his first ground

for relief is unavailing.  Alleyne held that factors that

increase the statutory minimum must be proven to a jury.  133 S.

Ct. at 2163.  The "statutory minimum" is the minimum term of

incarceration imposed by the statute of conviction.  In movant's

case, the statute requires a term of imprisonment of "not less

than 10 years."  18 U.S.C. § 2422(b).  In contrast, the

Sentencing Guidelines provide for an applicable range of

punishment, taking into account factors other than the offense of

conviction.  See, e.g., 18 U.S.C. § 3553; 28 U.S.C. § 994.

Importantly, Alleyne "did not imply that the traditional

fact-finding on relevant conduct, to the extent it increases the

discretionary sentencing range for a district judge under the

[Sentencing] Guidelines, must now be made by jurors." United States v. Hinojosa, 749 F.3d 407, 412 (5th Cir. 2014).

Here, movant's plea agreement and factual resume both plainly indicate that the statutory minimum sentence was ten years, with a maximum term of life imprisonment.  The court further explained this at movant's rearraignment hearing, and movant indicated he understood.  Rearraignment Tr. at 21-22.  At movant's sentencing hearing, the court discussed the guideline range applicable to movant.  The undersigned then sentenced movant in the middle of the guideline range after using the court's discretion to consider all the relevant factors. Sentencing Tr. at 12-14.  Use of the court's discretion under the sentencing guidelines did not trigger application of Alleyne to movant's case.  Hinojosa, 749 F.3d at 413.  The first ground for relief is denied.

B.   Second Ground for Relief

Where an ambiguity exists between the court's oral pronouncement and a written judgment, the oral judgment prevails. United State v. Kindrick, 576 F.2d 675, 676-77 (5th Cir. 1978). Where, as alleged here, a conflict is purported to exist between two oral sentencing statements, "the district court's intention controls."  Id.  The sentencing judge's intent is determined

"both by what he said from the bench and by the terms of the

order he signed, or from his total acts." Scott v. United

States, 434 F.2d 11, 20 (5th Cir. 1970) (per curiam).

During the sentencing hearing, the court stated on the

record that the supervised release range was five years to life.

Movant relied on the following statement of the court during that

hearing to argue that the court intended to impose a five-year

term of supervised release:

> I think a sentence of about midway in the advisory
> guideline range would adequately and appropriately
> address the--that, combined with a term of supervised
> release of five years, and a special assessment of $100
> would adequately and appropriately address the factors
> the Court should consider under 18 United States Code
> Section 3553(a), and that would be a sentence of 180
> months imprisonment.

Sentencing Tr. at 13.  However, in pronouncing the judgment, the

court then "order[ed] that the defendant serve a term of

supervised release of life, for the remainder of his life, once

he gets out of prison."  Id. at 14.  The written judgment

subsequently reflected the lifetime term of supervised release.

As noted, when a conflict is present in the oral

pronouncement of a sentence, it is the sentencing court's

intention that controls.  During movant's sentencing hearing, the

undersigned expressed concern over the seriousness of movant's

conduct that formed the basis of his conviction in this action.

Id. at 13.   Consistent with that concern, at all times it was the

undersigned's intent to impose the maximum lifetime term of

supervised release upon movant's discharge from prison, and that

intent was reflected in the oral order and written judgment.

Accordingly, movant is entitled to no relief on his second

ground.

C.    Legal Standards Applicable to Claims of Ineffective
      Assistance of Counsel

Movant's third and fourth grounds for relief allege that

Biggs rendered ineffective assistance.

To prevail on a claim of ineffective assistance of counsel,

movant must establish that counsel's performance fell below an

objective standard of reasonableness.   Strickland v. Washington,

466 U.S. 668, 688 (1984).   To prevail on such a claim, movant

must show that counsel's performance was deficient and that

movant was prejudiced by counsel's errors.   Id. at 687.

Prejudice requires movant to show there is a reasonable

probability that, but for counsel's unprofessional errors, the

result of the proceedings would have been different.   Id. at 694.

In the context of a guilty plea, prejudice requires movant to

show there is a reasonable probability that, but for his

8

attorney's errors, he would not have pleaded guilty but would have gone to trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). While both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance, both need not be considered if movant makes an insufficient showing as to one.  <u>Id.</u> at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential; movant must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  <u>Id.</u> at 689.  The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  <u>Id.</u>  Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u> at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by <u>Strickland</u>.

1.   <u>Third Ground for Relief</u>

This claim, based on Biggs's failure to object to the

conflicting terms of supervised release during sentencing, is
meritless.  Biggs stated during the sentencing hearing that he
anticipated the court would impose a lifetime term of supervised
release.  Sentencing Tr. at 9-10.  Had Biggs objected, the
undersigned would have clarified his intention to impose a
lifetime term.  Movant cannot show he was prejudiced by any
failure to object.

    2.    <u>Fourth Ground for Relief</u>

Movant's contention that his guilty plea was unknowing and
involuntary also fails.  Movant maintained that he was coerced
into a guilty plea because Biggs told movant he "had no defense,"
failing to plead guilty would result in additional charges, and
he risked "more time in prison" if he proceeded to trial.  Mem.
at 11.  Movant cannot establish that he was prejudiced by any of
the foregoing because he cannot show that, absent these purported
errors, the outcome of the proceeding would have been different.

The evidence of movant's guilt was overwhelming.  Movant
apparently agreed, because the presentence report reflected that
movant notified the government of his intent to plead guilty.
Movant also received a reduction in his sentencing guidelines as
a result of his guilty plea.  As part of the plea agreement, the
government agreed not to bring additional charges against movant,

10

and none were brought. Had movant proceeded to trial and been found guilty--an outcome likely in light of the evidence against him--the court would have determined movant's sentence. Not only would the court have retained the same concerns about movant's conduct that resulted in a sentence in the middle of the guideline range, but movant would have lost his reduction for acceptance of responsibility. Summed up, movant has failed to show that he would have obtained a more favorable outcome had he not pleaded guilty and proceeded to trial.

Nor can movant prevail on his claim that Biggs failed to rely on Taylor as an affirmative defense at trial or on appeal. Attached to the Memorandum are a series of letters exchanged between movant and Biggs or other attorneys in the office of the Federal Public Defender, wherein movant urged Biggs to use Taylor in his appeal to the Fifth Circuit, and Biggs's responses. The responsive letters make clear that Biggs considered Taylor and determined that the case was of no benefit to movant. Counsel is not required to make every argument urged by the defendant on appeal, and nothing in the motion or the record of this case could lead to a conclusion that movant would have prevailed on this issue had Biggs raised it on appeal. See United States v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004). Mere disagreement

11

with counsel's appellate strategy does not constitute ineffective assistance.

Additionally, as explained in the letters from Biggs, Taylor is distinguishable from the facts of movant's case.  Not only did Taylor involve interpretation of Indiana law, rather than Texas law here, but the decision turned, in part, on the fact that the defendant "neither made nor, so far as appears, attempted or intended physical contact with the victim."  640 F.3d at 260. Here, movant admitted in his factual resume that he "inten[ded] to have sexual intercourse and deviate sexual intercourse with the minor children."  Factual Resume at 3.  Hence, Taylor would have been of no assistance even if Biggs had urged its consideration to the Fifth Circuit.

V.

Order

Therefore,

The court ORDERS that the motion of Johnathon D. Caudill to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED September __1__, 2014.

JOHN McBRYDE
United States District Judge

13